UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUAY A. ABDALLAH, <br><br> Plaintiff, <br><br> v. <br><br> NCB MANAGEMENT SERVICES, INC., <br><br> Defendant. | CIVIL ACTION <br><br> COMPLAINT 1:21-cv-00150 <br><br> JURY TRIAL DEMANDED |

# COMPLAINT

**NOW COMES** Luay A. Abdallah ("Plaintiff"), by and through the undersigned attorneys, complaining as to the conduct of NCB Management Services, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Northern District of Illinois, Defendant conducts business in the Northern District of Illinois and maintains significant business contacts in the Northern District of Illinois.

### PARTIES

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

5. Defendant is a third party debt collector with its principal place of business located at 1 Allied Drive, Trevose, Pennsylvania, 19053. Defendant's principal business purpose is the collection of defaulted debts owed to others. Defendant engages in collection activities in several different states, including the State of Illinois.

## FACTS SUPPORTING CAUSES OF ACTION

6. Prior to the conduct giving rise to this cause of action, Plaintiff obtained a car loan from Santander Consumer USA Inc. ("subject debt").

7. Due to financial hardship, Plaintiff fell behind on payments and defaulted on the subject debt.

8. Plaintiff returned the car due to his inability to pay the subject debt.

9. Sometime thereafter, Defendant obtained the rights to collect upon the subject debt after it was in default status.

10. In May 2020, Plaintiff noticed Defendant was reporting the subject debt on his credit reports.

11. Plaintiff was perplexed because he had already returned the vehicle, and the amount of the subject debt was still inaccurately reported as $9,132.

12. On May 15, 2020 Plaintiff called Defendant and advised that he had already given the car back and that the amount being reporting on his credit reports was incorrect, thus disputing the subject debt.

13. On December 16, 2020, Plaintiff looked at his credit reports once again.

14. Despite Plaintiff's dispute, Defendant did not notate that the subject debt was disputed on Plaintiff's credit reports.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff restates and realleges paragraphs 1 through 14 as though fully set forth herein.

16. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

17. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

18. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail, the telephones, and credit reporting to collect defaulted accounts allegedly owed to a third party.

19. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was allegedly in default. 15 U.S.C. §1692a(6).

20. Defendant used credit reporting to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

21. Defendant violated 15 U.S.C. §1692e, e(2), e(8), e(10), and f through its unlawful debt collection practices.

    a. **Violations of FDCPA § 1692e**

22. Defendant violated §§1692e and e(10) by using false, deceptive, and misleading representation in connection to collection of the subject debt. It was false, deceptive, and misleading for Defendant to fail to communicate that the subject debt was disputed after Plaintiff notified Defendant that it was reporting the wrong amount on his credit reports.

23. Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the alleged debt. Defendant reported an incorrect amount for the subject debt on Plaintiff's credit reports, thereby creating a false representation of Plaintiff's credit wothiness.

3

24. Defendant violated §1692e(8) by communicating false credit information by failing to notate that the subject debt was disputed on Plaintiff's credit reports. On May 15, 2020, Plaintiff notified Defendant that the subject debt's amount was being incorrectly reported on his credit reports, so Defendant had actual knowledge that the subject debt was disputed. However, in the 7 months that followed Plaintiff's notification, Defendant failed to notate that the subject debt was disputed.

### b. Violations of FDCPA § 1692f

25. Defendant violated §1692f by failing to notate that the subject debt was disputed on Plaintiff's credit reports. This conduct was unfair and unconscionable because it created a false and damaging portrayal of Plaintiff's credit history.

26. As an experienced debt collector, Defendant knew or should have known that it was legally obligated to mark the debt as disputed on Plaintiff's credit reports after Plaintiff advised it that the amount was incorrect.

**WHEREFORE**, Plaintiff LUAY A. ABDALLAH respectfully requests that this Honorable Court:

  a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
  b. Enjoin Defendant from further reporting inaccurate information on Plaintiff's credit reports;
  c. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
  d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
  e. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: January 11, 2021					Respectfully Submitted,

                                                      /s/ Alexander J. Taylor
                                                    /s/ Marwan R. Daher
                                                    /s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com